[Cite as *Millwood v. Ohio Dept. of Transp., Dist. 2*, 2010-Ohio-3790.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANNY MILLWOOD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

    Defendant

     Case No. 2009-09175-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Danny Millwood, filed this action against defendant, Department of Transportation (ODOT), contending that his 2000 Dodge Durango truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 2 in Lucas County.  Specifically, plaintiff claimed the tire on his truck was punctured by a dislodged raised pavement marker (RPM or reflector) laying in the west bound lane of Airport Highway (State Route 2).  Plaintiff recalled the damage incident occurred on Saturday, November 14, 2009, at approximately 2:00 p.m.  Plaintiff requested damage recovery of $178.27, an amount representing the cost of a replacement tire and towing expenses.  The filing fee was paid.

{¶ 2}   Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose or defective RPM on the roadway prior to plaintiff's November 14, 2009 property damage occurrence.  Defendant denied receiving any calls or complaints from any entity regarding a loose reflector on the roadway, which ODOT located, "at milepost 5.28 on SR 2 in Lucas County."  Defendant

asserted plaintiff did not produce any evidence to establish the length of time that the loose RPM was on the roadway prior to 2:00 p.m. on November 14, 2009. Defendant suggested the particular RPM, "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer any evidence to prove his property damage was proximately caused by any conduct attributable to ODOT personnel. Defendant explained ODOT conducted various maintenance operations on this particular section of State Route 2 during the six-month period preceding November 13, 2009. Defendant's records (copies submitted) also show ODOT, "had conducted eighteen (18) maintenance operations," in the area during the six-month period prior to the day of plaintiff's incident. Defendant's records show ODOT conducted litter patrol operations on State Route 2 on October 23, 2009, and this activity covered the area where plaintiff ran over the dislodged RPM. Apparently, ODOT personnel did not discover any problems with any RPM on State Route 2 on October 23, 2009 when litter patrols were in operation. Defendant stated, "if there was a noticeable defect with any raised or loosened pavement markers it would have immediately been repaired." Defendant argued it did not believe ODOT breached any duty of care owed to the motoring public in regard to roadway maintenance.

{¶ 4} Defendant submitted an e-mail from ODOT Lucas County Transportation Manager, Ross Echler, regarding a November 16, 2009 inspection of State Route 2 in the vicinity of mile marker 5.28 he conducted. Echler also submitted photographs of the roadway area in question. Echler advised that all the RPMs near mile marker 5.28, "are in good condition." Furthermore, Echler noted: "I do not see any RPMs that just come out of the pavement, sticking up, or laying on the roadway/shoulders." Echler did observe that some RPMs were missing from the roadway surface, but expressed the opinion the missing reflectors had, "been gone from some time, yellow paint is in the bottom of the hole and sand covers that." The submitted photographs depict the roadway conditions where RPMs have been dislodged and also show intact RPMs, apparently installed near the areas where RPMs are missing.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy*

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular loosened reflector prior to 2:00 p.m. on November 14, 2009.

{¶ 8} Ordinarily, to recover in any suit involving injury proximately caused by

roadway conditions including loosened reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the reflector condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the loosened reflector condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the loosened road reflector was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of any problem with the RPM. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the loosened reflector appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of a defective RPM.

{¶ 11} Additionally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation*

(1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of State Route 2 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANNY MILLWOOD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

    Defendant

    Case No. 2009-09175-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Danny Millwood
10430 Airport Hwy. Lot 201
Swanton, Ohio  43558

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/18
Filed 4/2/10
Sent to S.C. reporter 8/13/10